IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUNNIE STEINER<br>2972 Cedar Street<br>Philadelphia, PA 19134<br><br>                    Plaintiff,<br><br>     v.<br><br>HOME DEPOT/HOME DEPOT U.S.A. INC.<br>1651 S. Christopher Columbus Blvd.<br>Philadelphia, PA 19148<br><br>                    Defendant. | CIVIL ACTION<br><br>No.: _____<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Bunnie Steiner (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.   Plaintiff has initiated this action to redress violations by Home Depot *d/b/a* Home Depot Distribution Center (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend her complaint to include claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC"). These claims will mirror her Title VII claims.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. The Home Depot/Home Depot U.S.A. Inc. is a home improvement retailer that sells building materials and home improvement products, with retail and distribution locations

throughout the United States (including Pennsylvania).  Plaintiff was hired through and worked at once such retail center located at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a female.

12. Plaintiff was employed by Defendant at Defendant's Columbus Boulevard Philadelphia, Pennsylvania location from approximately May of 2016 until her unlawful termination on July 10, 2020.

13. Plaintiff was initially hired with Defendant as a cashier, however spent the last approximate 1.5 years of her employment with Defendant working as an Online Order Filler in a full-time capacity.

14. During her employment with Defendant, Plaintiff was generally an exemplary employee and performed her job well.

15. At the time of the relevant events in question, Plaintiff was primarily supervised by Doug Hartley (*hereinafter* "Hartley"), Dina Steiner (*hereinafter* "Steiner"), and indirectly by Defendant's store manager Rob (last name unknown, *hereinafter* "Rob").

16. All of the problems underlying Plaintiff's termination occurred in the last approximate 1-2 months of Plaintiff's employment.

17. In the 1-2 month span of time before Plaintiff's termination, a male co-worker by the name of Rickey (last name unknown, *hereinafter* "Rickey") began to refer to Plaintiff as "titty."

18. Rickey referred to Plaintiff as this derogatory term on a repeated and frequent basis during the 1-2 month period before Plaintiff was terminated. During this same period of time, Rickey also began using a derogatory term towards another female co-worker in Plaintiff's presence.

19. Plaintiff reasonably felt: (a) offended; and (b) that the term "titty" had a sexual connotation. and Plaintiff was extremely upset to referred to as this term.

20. As a result of Rickey's continuous harassment of Plaintiff, Plaintiff made a formal complaint regarding Rickey's conduct to Hartley. In her complaint to Hartley, Plaintiff specifically identified that she felt that she was being sexually harassed by Rickey.

21. Defendant failed to address Plaintiff's complaint in any meaningful way and, upon information and belief, Rickey was not disciplined or counseled for his harassment, even though a fellow female co-worker who had witnessed Rickey's harassment corroborated Plaintiff's complaint with Defendant's management.

22. Defendant made no attempt to ensure that Plaintiff would not have to encounter Rickey following Plaintiff's complaint of sexual harassment against him. Following Plaintiff's complaint, her work environment became even more hostile as Plaintiff was subjected to physical abuse by Rickey.

23. Specifically, shortly after Plaintiff made her first complaint of sexual harassment against Rickey, Rickey pushed a cart into Plaintiff.

24. Plaintiff was extremely upset by this incident and immediately reported same to her manager Steiner. During her report to Steiner, Plaintiff reminded Steiner that Plaintiff had already complained about Rickey's sexual harassment and that she was very concerned that Defendant had not properly dealt with Rickey since he was now subjecting Plaintiff to violence.

25. However, although Defendant maintained a "zero tolerance" policy towards sexual harassment and violence in the workplace, Defendant once again failed to address Plaintiff's second complaint or take her concerns seriously and Rickey continued to be employed with Defendant. Additionally, Defendant again made no effort to ensure that Plaintiff would not encounter Rickey at work.

26. Very shortly before Plaintiff's termination, Rickey again physically pushed into Plaintiff and called her a "stupid bitch."

27. Plaintiff immediately reported Rickey's conduct to Hartley during the second week of July, 2020. In Plaintiff's final complaint to Hartley, she reiterated her prior complaints and raised concerns that the hostile work environment had not been corrected by Defendant.

28. On July 10, 2020, just several days following Plaintiff's last complaint, Defendant abruptly terminated Plaintiff claiming that Plaintiff engaged in workplace violence when she pushed back at Rickey to defend herself when Rickey pushed into Plaintiff during the final incident Plaintiff reported to Defendant.

29. Defendant's purported reason for terminating Plaintiff is completely pretextual and false because *inter alia* (1) Plaintiff consistently worked hard for Defendant and performed her job well; (2); Plaintiff did not engage in workplace violence; (3) despite subjecting Plaintiff to sexual harassment, calling Plaintiff a "stupid bitch" **and** engaging in clear acts of workplace violence against Plaintiff, Rickey remained employed with Defendant; and (4) Plaintiff was terminated in very close proximity to raising complaints of sexual harassment and a hostile work environment, with her last complaint being raised **less than one week** before Defendant terminated Plaintiff.

30. Plaintiff therefore believes and avers that she was subjected to sexual harassment/a hostile work environment and that she was ultimately terminated in retaliation for raising complaints about same and because of her sex.

## COUNT I
## Violations of Title VII
**([1] Sexual Harassment/Hostile Work Environment [2] Sex Discrimination and [3] Retaliation)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. During the last 1-2 months of her employment with Defendant, Plaintiff was subjected to severe and pervasive sexually offensive conduct and comments by fellow co-worker, Rickey, such that she was subjected to a hostile work environment.

33. As a result of Rickey's harassment of Plaintiff, Plaintiff complained to Defendant. Defendant failed to remedy Plaintiff's complaints.

34. Instead, following Plaintiff's reports of sexually harassing conduct, Plaintiff was subjected to physical violence by Rickey in Defendant's workplace.

35. Plaintiff again complained and reported Rickey to Defendant, but Defendant failed to remedy the hostile environment.

36. Very shortly before Plaintiff's termination, Rickey again physically pushed into Plaintiff and called her a "stupid bitch."

37. Plaintiff was extremely upset about Rickey's harassment and abuse and therefore immediately reported this incident to Hartley during the second week of July, 2020. In Plaintiff's final complaint to Hartley, she reiterated her prior complaints and raised concerns that the hostile work environment had not been corrected by Defendant.

38.     On July 10, 2020, several days later following her last complaint, Defendant abruptly terminated Plaintiff for a pretextual reason claiming that Plaintiff engaged in workplace violence when she pushed back at Rickey to defend herself when Rickey pushed into Plaintiff during the final incident Plaintiff reported to Defendant.

39.     Defendant's purported reason for terminating Plaintiff is completely pretextual and false because *inter alia* (1) Plaintiff consistently worked hard for Defendant and performed her job well; (2); Plaintiff did not engage in workplace violence; (3) despite subjecting Plaintiff to sexual harassment, calling Plaintiff a "stupid bitch" **and** engaging in clear acts of workplace violence against Plaintiff, Rickey remained employed with Defendant; and (4) Plaintiff was terminated in very close proximity to raising complaints of sexual harassment and a hostile work environment, with her last complaint being raised **less than one week** before Defendant terminated.

40.     Plaintiff therefore believes and avers that she was subjected to sexual harassment/a hostile work environment and that she was ultimately terminated in retaliation for raising complaints about same and because of her sex.

41.     These actions as aforesaid constitute unlawful violations under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Julia W. Clark, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 25, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bunnie Steiner | : | CIVIL ACTION |
| v. | : | |
| Home Depot/Home Depot U.S.A. Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 9/25/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2972 Cedar Street, Philadelphia, PA 19134

Address of Defendant: 1651 S. Christopher Columbus Blvd., Philadelphia, PA 19148

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/25/2020       _____ (signature)       ARK2484 / 91538
                      *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/25/2020       _____ (signature)       ARK2484 / 91538
                      *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEINER, BUNNIE

**DEFENDANTS**
HOME DEPOT/HOME DEPOT U.S.A. INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | **X** 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII, PA Human Relations Act and the Philadelphia Fair Practices Ordinance..

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/25/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____